**Francis V. PEREZ and Hilda B. Perez, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 80–7191.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 1981.

Decided April 23, 1981.

Fred B. Rosenberg, San Francisco, Cal., for petitioners.

William P. Franciullo, Dept. of Justice, Washington, D. C., for respondent.

Before FARRIS and FERGUSON, Circuit Judges, and CRAIG *, District Judge.

PER CURIAM:

Francis and Hilda Perez petition for review of the decision of the Board of Immigration Appeals (BIA) denying their motion to reopen their deportation proceedings to suspend deportation pursuant to § 244(a)(1) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1254(a)(1).

Review in this petition is limited to the sole question of whether the BIA abused its discretion in determining that the Perezes had not made out a prima facie case of extreme hardship within the meaning of § 244(a)(1) of the Act. *Hun Chak Sun v. Immigration and Naturalization Service*, 415 F.2d 791 (9th Cir. 1969), *cert. denied*, 397 U.S. 908, 90 S.Ct. 905, 25 L.Ed.2d 89 (1970); *Loza-Bedoya v. Immigration and Naturalization Service*, 410 F.2d 343 (9th Cir. 1969).

* Honorable Walter E. Craig, Senior United States District Judge for the District of Arizo-    na, sitting by designation.

It is recognized that the Act confers upon the Attorney General and his delegates the duty of interpreting the meaning of "extreme hardship." *Immigration and Naturalization Service v. Wang*, — U.S. ——, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981), *reversing, Wang v. Immigration and Naturalization Service*, 622 F.2d 1341 (9th Cir. *en banc* 1980). Though the holding of this Circuit in *Wang* was that the Attorney General must employ a liberal interpretation of "extreme hardship" to effectuate the ameliorative purpose of the Act, 622 F.2d at 1346, the Supreme Court, in reversing this circuit, has held that the Attorney General has the discretion to interpret the Act strictly. —— U.S. at ——, 101 S.Ct. at 1030. Despite 8 C.F.R. §§ 103.3 and 242.18(a), the BIA has not indicated in this case the factors it considered in concluding that the Perezes failed to establish a *prima facie* case of extreme hardship. The lack of a record of the BIA proceedings forecloses even the strict review contemplated by the Supreme Court in its decision of *Wang*. For that reason the decision of the BIA in this petition is vacated and remanded for reconsideration. Any subsequent BIA decision is to be based upon a record developed in accordance with 8 C.F.R. § 103.3.

The failure of the Perezes to support their petition with affidavits is unfortunate, but will be disregarded. In this respect this petition can be distinguished from *Wang* because, unlike the conclusory allegations set forth by the petitioners in *Wang*, the Perezes have made highly specific allegations of extreme hardship which still permit "the Board to select for hearing only those motions reliably indicating the specific recent events that would render deportation a matter of extreme hardship for the alien or his children." *Wang*, supra, —— U.S. at ——, 101 S.Ct. at 1030.

VACATED AND REMANDED.