**Rosa MEJIA–CARRILLO, Juan Antonio Banuelos-Mejia, Appellants,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Appellees.**

No. 79–7415.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 8, 1980.

Submitted May 25, 1981.

Decided Sept. 17, 1981.

Marvin E. Krahow, Legal Aid Foundation, Long Beach, Cal.; Mathew L. Millen, Los Angeles, Cal., on brief, for appellants.

Thomas S. Sayles, Los Angeles, Cal., for appellees.

Before FERGUSON and CANBY, Circuit Judges, and HATTER, District Court Judge.[*]

CANBY, Circuit Judge.

This case involves review of the denial of an application for suspension of deportation under § 244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a). The Board of Immigration Appeals denied the application because it found that the alien had not established that she and her son, a permanent resident, would suffer extreme hardship as a result of her deportation. We reverse the Board's decision because it failed to consider fully the facts which bear on hardship. We remand for reconsideration of the application.

## FACTS

Rosa Mejia-Carrillo is a native of Mexico who entered the United States illegally on March 19, 1970. On April 4, 1977, the Immigration and Naturalization Service began deportation proceedings against her. Mrs. Mejia-Carrillo admitted deportability and applied for suspension of deportation.

At the time of the hearing, Mrs. Mejia-Carrillo was 46 years old. She had a fifth grade education, and worked as a maid, earning $75 a week. She lived with two young children, also undocumented aliens, and her 17-year-old son Juan, a permanent resident who came to the United States when he was 13. She also had another son and daughter, both permanent residents, and six grandchildren, all United States citizens, who live in this country. At the time of the hearing, Juan was a high school senior, and he planned to attend a vocational school after graduation. Mrs. Mejia-Carrillo's ex-husband, Juan's father, is also a permanent resident of this country.

At the hearing, Mrs. Mejia-Carrillo testified that she would face unemployment or underemployment in Mexico, and that she could not support her two young children without Juan's help. She also said, however, that she wanted her son to remain in the United States to finish his education. Juan testified that he wanted to finish school and to become a United States citizen. He also said that he would return to Mexico if his mother asked him, even though it would mean separation from his father, whom he visits often, and the possible loss of his permanent resident status.

The immigration judge found that Mrs. Mejia-Carrillo had lived in the United States for the required seven years and that she was of good moral character. These findings are not disputed. The judge found, however, that she had not proved that she or her son Juan would suffer extreme hardship because of her deportation. The judge stated in his opinion that she had relied too heavily on economic factors to prove hardship. He cited *In re Sangster*, 11 I & N Dec. 309 (BIA 1965), and *Blanco-Dominquez v. INS*, 528 F.2d 382 (9th Cir. 1975), for the proposition that economic loss alone does not amount to extreme hardship, and denied her application. The Board of Immigration Appeals affirmed.

[*] The Honorable Terry J. Hatter, Jr., District Judge for the Central District of California, sitting by designation.

## STANDARD OF REVIEW

■ Section 244(a) gives the Attorney General the discretion to suspend deportation of certain aliens to prevent extreme hardship. The same section commits the definition of extreme hardship to the Attorney General and his delegates. *INS v. Wang*, 450 U.S. 139, 145, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981). Our task in this case is to review the exercise of that discretion by the Board of Immigration Appeals. We may overturn the Board's decision if it is "arbitrary, irrational or contrary to law." *Santana-Figueroa v. INS*, 644 F.2d 1354, 1355 (9th Cir. 1981) (quoting *Chung v. INS*, 602 F.2d 608, 612 (3d Cir. 1979)).

■ Because the determination of extreme hardship depends upon the facts of each case, the Board's discretion may be properly exercised only if it fully considers the relevant facts. Failure to consider all the factors which bear on extreme hardship is an abuse of the Board's discretion. *Santana-Figueroa v. INS*, 644 F.2d at 1356; *Chan v. INS*, 610 F.2d 651, 655 (9th Cir. 1979).

## EXTREME HARDSHIP

*Factors to consider.*

■ Under § 244(a), economic loss alone does not establish extreme hardship, but it is still a fact to consider in determining eligibility for suspension of deportation. *Jong Shik Choe v. INS*, 597 F.2d 168, 170 (9th Cir. 1979); *Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978). In addition, the Board must consider personal and emotional hardships which result from deportation. *Chan v. INS*, 610 F.2d at 655. Included among these are the personal hardships which flow naturally from an economic loss—decreased health care, educational opportunities, and general material welfare. The most important single factor may be the separation of the alien from family living in the United States. In fact, this court has stated that separation from family alone may establish extreme hardship. *Urbano de Malaluan v. INS*, 577 F.2d

at 593–94; *Yong v. INS*, 459 F.2d 1004, 1005 (9th Cir. 1972); *see Bastidas v. INS*, 609 F.2d 101, 104–05 (3d Cir. 1979).

*Hardship in this proceeding.*

In this proceeding, the immigration judge concluded that Mrs. Mejia-Carrillo had relied heavily on economic factors to prove extreme hardship. He cited in support two decisions which stand for the proposition that economic loss alone does not amount to economic hardship. The Board affirmed this decision on the same basis. The record shows, however, that Mrs. Mejia-Carrillo did not rely solely or even heavily upon economic factors to establish extreme hardship.

If Mrs. Mejia-Carrillo is deported, she will lose her job. As a result, she will suffer the personal hardships which flow naturally from such a loss, and she will be unable to support her two young children. *See Santana-Figueroa v. INS*, 644 F.2d at 1356–57. Deportation will separate her from relatives living in the United States. Mrs. Mejia-Carrillo's deportation also places her son Juan in the worst of situations. If he remains in the United States, he will be separated from his mother, who depends upon him to help care for his young sisters. If he returns to Mexico to help his mother, he will be separated from his father, and he will lose the chance to further his education and possibly his permanent resident status. Whatever his decision, Juan will be separated from one of his parents.

## CONCLUSION

■ When the Board finds an alien ineligible for suspension of deportation, it must give reasons which show that it has properly considered the facts which bear on its decision. *Santana-Figueroa v. INS*, 644 F.2d at 1357; *Perez v. INS*, 643 F.2d 640, 641 (9th Cir. 1981). The Board concluded that Mrs. Mejia-Carrillo had relied solely upon economic factors to establish extreme hardship. Our review of the record shows that the hardship claimed by Mrs. Mejia-Carrillo is not solely, or even heavily, economic. It is clear that the Board failed to

give proper consideration to the non-economic facts bearing upon extreme hardship. *Santana-Figueroa v. INS*, 644 F.2d at 1357; *see Bastidas v. INS*, 609 F.2d at 104. We therefore remand for reconsideration. Any subsequent decision must be based upon a proper record so that we may give it the appropriate judicial review. *See Perez v. INS*, 643 F.2d at 641.

REVERSED AND REMANDED.