# TORRES-VALENCIA v. UNITED STATES

No. 82–6848.  Decided November 7, 1983

PER CURIAM.

In its brief opposing the petition for certiorari, the Government concedes that the District Court erroneously refused to give petitioner's character evidence instruction to the jury, but argues that the error was harmless.  The Government's concession of error, as well as its harmless-error argument, should be presented to the Court of Appeals in the first instance.  The motion of petitioner for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted, the judgment of the Court of Appeals is vacated, and the case is remanded to the Court of Appeals for consideration of the Government's concession of error.

*It is so ordered.*

JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE and JUSTICE O'CONNOR join, dissenting.

This Court can only deal with a certain number of cases on the merits in any given Term, and therefore some judgment must attend the process of selection.  Summary disposition is of course appropriate where a lower court has demonstrably misapplied our cases in a manner which has led to an incorrect result.  Here, however, the Court chooses to summarily vacate a judgment of the Court of Appeals affirming

petitioner's conviction on the ground that the Government concedes that the District Court improperly failed to give an instruction tendered by petitioner.   It is also conceded that petitioner fully argued to the jury his theory of the case, notwithstanding the District Court's refusal to give his proffered instruction.

I had thought the days of parsing a trial record to find isolated instructional errors in a charge to the jury were long gone.   Title 28 U. S. C. § 2111 provides:

> "On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties."

I am confident that the Court of Appeals for the Ninth Circuit in deciding this case was well aware of this provision—indeed, perhaps better aware of it than is this Court.