**Abelardo Yatco GUINTO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. CA 84–7869.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 5, 1985.

Decided Oct. 24, 1985.

Gary Silbiger, Los Angeles, Cal., for petitioner.

Lawrence W. Chamblee, Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before SNEED, NELSON and NORRIS, Circuit Judges.

PER CURIAM:

Guinto petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) decision finding him deportable and denying suspension of deportation. The Immigration and Naturalization Service (INS) began deportation proceedings against petitioner charging that he was deportable as a non-immigrant crewman under 8 U.S.C. § 1251(a)(2) (1982), and ineligible for suspension of deportation for the same reason under 8 U.S.C. § 1254(f). After a deportation hearing the IJ found Guinto deportable and also denied discretionary relief.[1] The IJ ordered Guinto to voluntarily leave the country within six months. In due course, the BIA affirmed the IJ's decision. On appeal, Guinto argues that the INS failed to carry its burden to prove his entry as a crewman, and hence deportability, and that the immigration statutes, insofar as they exclude crewman from discretionary relief, violate the Equal Protection Clause.

■ Guinto's contention that he was not a crewman ineligible for suspension of deportation under 8 U.S.C. § 1254(f) is meritless. There is ample evidence to support the BIA's determination that he had entered as a crewman. For example, the evidence includes a crewman's book detailing the desertion of an Abelardo Guinto whose photograph is a good likeness of petitioner Guinto, indicating that petitioner falls directly into the category of a seaman overstaying his leave, and thus is deportable under section 241(a)(2) and ineligible for suspension of deportation under section 244(f) of the Immigration and Nationality Act.

■ Even if the record supported his claim that he later left the country and reentered without inspection, he would be ineligible for suspension of deportation because by leaving the country and reentering, he would have broken the chain of seven years' continuous presence required for discretionary relief. See INS v. Phinpathya, 464 U.S. 183, 104 S.Ct. 584, 589–90, 78 L.Ed.2d 40 (1984).[2]

■ Guinto also claims that any statutory exclusion of crewmen from eligibility for discretionary relief violates the Equal Protection Clause. This argument is easily disposed of. Classifications among aliens in immigration statutes are evaluated under the mere rationality test. Pavinthara v. INS, 708 F.2d 472, 473 (9th Cir.), modified, 721 F.2d 651 (9th Cir.1983); United States v. Barajas-Guillen, 632 F.2d 749, 752 (9th Cir.1980). Congress could rationally have determined that seamen pose a special immigration problem because they reach our shores without going through the normal visa process. Thus the rational basis for denying seamen discretionary relief is to deter them from "jumping ship."

PETITION DENIED.

1. The IJ denied Guinto's request for suspension of deportation on the alternate grounds that he was statutorily ineligible under 8 U.S.C. § 1254(f), and that he had not sufficiently shown that his deportation would result in undue hardship.

2. Because Guinto is ineligible for suspension of deportation, it is unnecessary for us to reach petitioner's claim that the BIA abused its discretion in finding that deportation would not result in undue hardship. Thus we reserve the following question: May the BIA use the fact of an alien's marriage to a citizen as a factor weighing against hardship because such a marriage enables the alien to "readily obtain an immigrant visa" after deportation? See Mejia-Carillo v. United States, 656 F.2d 520, 522 (9th Cir.1981) ("the Board must consider personal and emotional hardships which result from deportation.... The most important single factor may be the separation of the alien from family living in the United States.").