935 F.2d 274
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Maake Soakai MOLITONI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 89-70491.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1991.
Decided June 13, 1991.
 Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maake Soakai Molitoni, a native and citizen of Tonga, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of a discretionary waiver of excludability pursuant to section 212(h) of the Immigration and Naturalization Act ("Act"), as codified in 8 U.S.C. Sec. 1182(h).[1] We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a and deny Molitoni's petition for review.
 
 
 3
 Section 212(h) of the Act, in pertinent part, provides that an alien who is excludable from the United States for conviction of crimes involving moral turpitude may obtain a discretionary waiver of excludability if (1) exclusion would result in "extreme hardship" for a United States citizen spouse, (2) admission to the United States "would not be contrary to the national welfare, safety, or security of the United States," and (3) "the Attorney General, in his discretion, ... has consented to the alien's applying or reapplying for a visa and for admission to the United States." 8 U.S.C. Sec. 1182(h). We review for an abuse of discretion the BIA's decision to deny discretionary relief from deportation. See Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987); Mejia-Carillo v. INS, 656 F.2d 520, 522 (9th Cir.1981).
 
 
 4
 Molitoni is excludable from the United States because of his 1984 convictions for rape, sexual abuse, and kidnapping. See 8 U.S.C. Sec. 1182(a)(9). In denying Molitoni's application for a waiver of excludability under section 212(h), the IJ found that (1) the potential hardship to Molitoni's wife did not meet the "extreme hardship" test of section 212(h); (2) Molitoni presented a "danger to the safety of the United States" due to the circumstances and seriousness of his crimes; and (3) Molitoni's case did not warrant the favorable exercise of discretion necessary to grant a waiver of excludability under section 212(h).
 
 
 5
 We find that the BIA did not abuse its discretion in denying him a waiver of excludability pursuant to section 212(h) of the Act. See Vargas, 831 F.2d at 908-09.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Molitoni also sought adjustment of his status to permanent resident alien pursuant to 8 U.S.C. Sec. 1255. The BIA affirmed the IJ's denial of Molitoni's application for adjustment. Molitoni does not challenge the BIA's determination in this petition for review. Accordingly, we do not consider the issue