17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vajihe MOZAFFARIAN; Djamal Djavid Mozaffarian, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70614.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 4, 1994.
Decided Feb. 1, 1993.
 
 Before: WRIGHT, CANBY and T.G. NELSON, Circuit Judges
 MEMORANDUM*
 Vajihe and Djamal Djavid Mozaffarian applied for political asylum in the United States. An immigration judge denied their application and the Board of Immigration Appeals affirmed the IJ's decision. The Mozaffarians have now petitioned this court for review, claiming that the BIA failed to address important parts of their asylum claim and that the record establishes a well-founded fear of persecution in Iran. We grant the petition for review, vacate the BIA's order and remand for further proceedings.
 ANALYSIS
 Our review of an adverse determination in an asylum case is limited to the BIA's decision and we may not rely on the IJ's decision in deciding the merits of the case. Castillo v. I.N.S., 951 F.2d 1117, 1121 (9th Cir.1991). We review the findings underlying the BIA's denial of asylum under the substantial evidence standard. Id. at 1120. Even though we might have reached a different conclusion based on the same evidence, we will not reverse unless if the evidence presented to the BIA was so compelling that no reasonable fact finder could fail to find a well-founded fear of persecution. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992).
 The price for this deference is thoroughness. We can review the BIA's determination under the substantial evidence standard only if we are confident that the BIA has first reviewed the entire record and given the applicant the de novo review to which he is entitled. Consequently, we have required the BIA to state with sufficient particularity and clarity the basis for its denial of asylum. Castillo, 951 F.2d at 1120. See also Mejia-Carrillo v. I.N.S., 656 F.2d 520, 522 ("When the Board finds an alien ineligible for suspension of deportation, it must give the reasons which show that it has properly considered the facts which bear on its decision"). We cannot determine whether a decision is supported by substantial evidence unless we understand the BIA's findings and its reasons for denying relief. Cardozo-Fonseca v. I.N.S., 767 F.2d 1448, 1455 (9th Cir.1985), aff'd, 480 U.S. 421 (1987).
 Mozaffarian asserted numerous facts in support of his application for asylum based on a well-founded fear of persecution in Iran.[1] He asserted that members of his own and his wife's family have been imprisoned. He claimed that threats were made against him directly by Iranian officials who work in the electric company and in the Attorney General's office. He testified that his family was denounced for being opposed to the Revolution and threatened by the Speaker of the Iranian House of Representatives. He also claims that his wife and children were persecuted by religious zealots who mistreated them for failing to dress in a manner consistent with fundamentalist Moslem religious beliefs. He also claims his children were forced to attend religious schools where they were forced to pray in a manner that they found offensive. He also testified about harassment by unknown individuals and threats and apparent extortion attempts by government agents and other unknown individuals.
 In its opinion, the BIA referred specifically to the apparent extortion attempts and harassment. It agreed with the IJ that this evidence was probably attributable to mere criminal activity rather than persecution under one of the five proper bases. However, the BIA failed to discuss any other relevant information that weighed either in favor of or against Mozaffarian's application. For example, the BIA failed to deal with Mozaffarian's testimony that Iranian officials had imprisoned members of his family. We have recognized that treatment of family members can be probative in these cases. See, e.g., Rodriguez v. I.N.S., 841 F.2d 865, 871 (9th Cir.1987) and Hernandez-Ortiz v. I.N.S., 777 F.2d 509, 515 (9th Cir.1985) (both cases holding that threats and acts of violence against family members can constitute prima facie showing of well-founded fear). The BIA also failed to consider Mozaffarian's arguable claim of persecution on account of religious beliefs for the suffering to which his family has been subjected for resisting fundamentalist Moslem practices.
 Because of the equivocal nature of the evidence, we believe that reasonable fact finders could differ on whether there was a well-founded fear of persecution. By discussing explicitly two of the bases of the Mozaffarians' claims, the BIA impliedly ignored the other bases. Under these circumstances, we are forced to vacate the decision and remand the case to the BIA for reconsideration or for clarification of the bases of its opinion. See Castillo, 951 F.2d at 1121, and Mejia-Carrillo, 656 F.2d at 523.
 PETITION FOR REVIEW GRANTED; VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 By attaching a copy of her husband's application to her own, Vajihe Mozaffarian makes the same claims for asylum that her husband makes. For convenience, references are to the claims made in the application of her husband, Djamal Djavid Mozaffarian