15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Luis Antonio CRUZ-VILCHEZ, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 92-70434, 93-70311.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1994.*
Decided Jan. 12, 1994.
 
 1
 Before: GOODWIN and HALL, Circuit Judges, TANNER*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Luis Antonio Cruz-Vilchez (Cruz) appeals the denial by the Board of Immigration Appeals (BIA) of his two Motions to Reopen Deportation Proceedings.
 
 
 4
 Decisions of the BIA regarding Motions to Reopen are reviewed under an "Abuse of Discretion" standard, and Cruz has failed to demonstrate that the BIA abused its discretion.
 
 
 5
 Cruz, a Nicaraguan national, entered the United States without inspection in 1984, and was immediately apprehended. The INS issued an order to show cause two days later, charging him with deportability under section 241(a)(2) of the Immigration and Nationality Act. He was found deportable.
 
 
 6
 In 1986, Cruz's applications for asylum and for withholding of deportation were denied, and he was granted voluntary departure. Cruz subsequently appealed this denial, but the BIA dismissed his appeal on December 15, 1987, granting him 30 days time for voluntary departure, or any extension granted by the INS District Director. The District Director granted an extension until February 5, 1992, on which date Cruz filed this motion.
 
 
 7
 During his nine years in the United States, Cruz completed high school, and earned a certificate as a Licensed Vocational Nurse. He is currently employed as a nurse and is enrolled at Pierce College, where he studies computer science.
 
 
 8
 As to the asylum request, the immigration judge held in 1986 that Cruz had not shown "that he has a fear of returning to his country because of persecution that is a threat to his life or freedom or the infliction of suffering or harm upon him in a way that is regarded as offensive because of his race, religion, nationality, membership in a particular social group or political opinion and that such is well-founded." Cruz appealed this decision on June 3, 1986; the appeal was summarily dismissed.
 
 
 9
 On May 14, 1992, the BIA issued its decision rejecting Cruz's first motion to reopen. (Case No. 92-70434). The BIA noted that a party seeking to suspend deportation must make a prima facie showing that (1) he has been in the U.S. continuously for at least seven years, (2) he has been a person of good moral character during that time, and (3) deportation would result in extreme hardship to himself or his spouse, parent or child who is an American citizen or lawful permanent resident. The BIA acknowledged that Cruz had satisfied the first two elements of the test. As to the third element, however, the BIA ruled that Cruz had failed to carry his burden.
 
 
 10
 On March 10, 1993, finding insufficient grounds to grant the motion, the BIA denied Cruz's second motion. Cruz appealed this decision (Case No. 93-70311) and the two cases have now been consolidated for review.
 
 
 11
 The definition of "extreme hardship" is a task for the Attorney General, INS v. Wang 450 U.S. 139, 144 (1981), and the Attorney General may choose to define the term narrowly. Wang, 450 U.S. at 145; Israel v. INS, 710 F.2d at 605. The BIA has broad discretion in its decisions on motions to reopen. Israel, 710 F.2d at 605.
 
 
 12
 The BIA abuses its discretion if it "distorts or disregards important aspects of the alien's claim," Saldana v. INS, 762 F.2d 824, 827 (9th Cir.1985), and may also be deemed to have abused its discretion if it fails "give reasons which show that it has properly considered the facts which bear on its decision." Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981). We find no abuse of discretion.
 
 
 13
 Further, Villena v. INS, 622 F.2d 1352 (9th Cir.1980) states that integration into the community while relevant, is not enough by itself to establish a claim of extreme hardship. 622 F.2d at 1357. Thus, the BIA's holding that this factor alone did not warrant granting Cruz's motion was within its discretion.
 
 
 14
 The BIA states in its opinion that "[r]elevant factors, though not 'extreme' in themselves, must be considered in the aggregate in determining whether 'extreme hardship' exists." (citing cases) The opinion goes on to list the factors which Cruz raised in his motion, as well additional factors[1] deemed relevant by the Board, and concludes that "on this record the respondent has failed to prima facie establish extreme hardship." While it is true that the opinion does not actually use the phrase "considered individually and cumulatively," there is no evidence that the BIA failed to consider the cumulative effect of the factors urged upon them by Cruz.
 
 
 15
 Cruz's second motion states that it "presents new and compelling evidence ... in support of his claim that deportation would result in extreme hardship to himself, his mother, sister and brother." It goes on to state that Cruz's mother and brother had recently become lawful permanent residents, and urges that his "forced separation from his family in the United States would cause extreme hardship to all parties."
 
 
 16
 The motion, however, fails to specify what this hardship would be. While one can speculate about the sentimental, emotional and economic harm which might result, a motion for reopening must be "supported by affidavits or other documentary evidence." 8 C.F.R. 103.5(a)(2). Attached to Cruz's motion is ample evidence that his relatives managed to obtain permanent resident status while Cruz was here illegally, but no evidence whatsoever is provided to support a claim that they or he would suffer extreme hardship by reason of Cruz's departure.
 
 
 17
 While separation from relatives may in some cases constitute a prima facie showing of extreme hardship, Mejia-Carrillo, 656 F.2d at 522; Urbano de Malaluan v. INS, 577 F.2d 589, 593-94 (9th Cir.1978), a mere recitation of the fact that near relatives will be left behind is not, by itself, sufficient. See Sullivan v. INS, 772 F.2d 609, 611 (9th Cir.1985) (Citing cases in which deportations were upheld despite severance of family ties).
 
 
 18
 The abuse of discretion standard permits this court to review the BIA's decisions solely for failure to meet its obligations to consider all the evidence and to reach a reasoned conclusion based on the alien's claims. The BIA in this case has fulfilled this requirement.
 
 
 19
 The petition is DENIED without prejudice to another grant of voluntary departure.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "[T]he respondent's age, the length of his residence in the United States; his family ties in the United States and abroad; his health; the economic and political conditions in the country to which he may be returned; his financial status, business, or occupation; the possibility of other means of adjustment of status; his immigration history; and his position in the community. (Citations omitted)" (P.E.R. 9)