56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Camilo Antonio VIGIL-CASTILLO Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-71030.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1995.
Decided May 5, 1995.
 
 Appeal from an Order of the Board of Immigration Appeals, BIA No. Agj-bqu-gau.
 BIA
 PETITION GRANTED IN PART, PETITION DENIED IN PART.
 Before: TANG, SCHROEDER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Camilo Antonio Vigil-Castillo, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the Immigration Judge's denial of his request for suspension of deportation. He also petitions for review of the denial of his motion to remand pursuant to 8 C.F.R. Sec. 3.2. He contends first that the BIA abused its discretion in upholding the Immigration Judge's finding that there was insufficient evidence to establish extreme hardship on the record then in existence, and, second, that the BIA failed properly to consider relevant facts when denying his motion for remand. We review both orders for an abuse of discretion. Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir. 1994) (motion to remand); Hassan v. INS, 927 F.2d 465, 467 (9th Cir. 1994) (suspension of deportation).
 
 
 3
 We agree with the government that the BIA did not abuse its discretion in denying suspension of deportation. On the record before the BIA, petitioner did not demonstrate that either he or his mother would suffer extreme hardship as a result of deportation. See Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir. 1994) (separation of family not shown to be extreme hardship); Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir. 1983) (same); see also Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir. 1981) (economic hardship, standing alone, insufficient to establish extreme hardship).
 
 
 4
 The petitioner's argument that the BIA abused its discretion in denying his motion for remand[1] is based upon two principal matters which the BIA could not have considered at the time of the original decision. The first is that petitioner's wife and daughter have now become eligible for suspension of deportation and have obtained reopening of their deportation proceedings for a hearing on their petition. If their petition were to be granted, their change in status would materially increase the weight of factors favoring suspension of deportation. Also, petitioner's mother who was able-bodied and employed at the time of the original hearing is now apparently disabled and unable to work. This change in circumstances also should be considered in connection with the application for suspension of deportation of this petitioner as well as in connection with the application of his wife and daughter.
 
 
 5
 The record gives every indication that petitioner is an honest, hard working, loyal and moral individual. The Immigration Judge stated that "[w]ere the Court able to consider the difficulties that the wife and child would also have, and consider the equities of the family as a whole, it probably would reach a very different result in this case." IJ Dec., No. Afz-pzb-ftk at 8 (August 10, 1992).
 
 
 6
 We conclude that the BIA abused its discretion in denying petitioner's motion to remand. Padilla-Agustin v. INS, 21 F.3d 970, 977-78 (9th Cir. 1994). We remand the cause to the BIA to grant the motion for remand to the IJ, so that petitioner's application for suspension of deportation can be considered together with that of his wife and daughter. Because we order remand for further proceedings, we need not consider whether the BIA's initial denial of Vigil-Castillo's application for suspension of deportation constituted an abuse of discretion.
 
 
 7
 The petition for review of the denial of the motion for remand is granted. The petition for review is otherwise denied.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "[A] motion to reopen and... [a] motion to remand are for all practical purposes the same." Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir. 1988)