66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fulgencio Berardo BLANCO-GOMEZ; Milagros Socorro Gonzalez
de Blanco, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70554.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1995.
Decided Sept. 14, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fulgencio Berardo Blanco-Gomez ("Mr. Blanco") and Milagros Gonzalez de Blanco ("Mrs. Blanco") are natives and citizens of Nicaragua. At an initial deportation hearing before an immigration judge ("IJ"), the Blancos conceded their deportability under 8 U.S.C. Sec. 1251(a)(2), but they requested asylum under 8 U.S.C. Sec. 1158(a) and withholding of deportation under 8 U.S.C. Sec. 1253(h). The IJ denied the Blancos' requests for relief from deportation.
 
 
 3
 The Blancos, represented by counsel, appealed the decision to the Board of Immigration Appeals ("BIA") using the INS's notice of appeal form ("Form EOIR-26"). On the form, the Blancos stated in general terms their reasons for the appeal and they checked a box to indicate that they would file a separate written brief or statement. However, no brief or statement was ever received from the Blancos, their former attorney, or their current attorney, and no explanation has been given for this failure. The BIA summarily dismissed the Blancos' appeal, pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A) (1994), for failure to specify sufficiently the reasons for the appeal on Form EOIR-26.
 
 
 4
 Before the BIA had considered the Blancos' appeal, Mrs. Blanco petitioned to reopen the proceedings so she could apply for suspension of deportation under 8 U.S.C. Sec. 1254(a). In support of her motion, Mrs. Blanco provided evidence to the BIA about the extreme hardship she allegedly would suffer if deported. The BIA denied Mrs. Blanco's motion to reopen, concluding that she had not met her "heavy burden" of establishing a prima facie case of extreme hardship.
 
 
 5
 The Blancos timely appeal the BIA's decision. We have jurisdiction under 8 U.S.C. Sec. 1105a, and we affirm.
 
 
 6
 * Pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A), the BIA summarily dismissed the Blancos' appeal of the IJ's decision. If the summary dismissal was proper, we need not reach the merits of the case. See Padilla-Agustin v. INS, 21 F.3d 970, 978 (9th Cir.1994). The Blancos never challenged the BIA's summary dismissal of their administrative appeal, and we therefore hold that they have waived this claim. See, e.g., Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988) ("It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned."). Accordingly, we need not reach either the merits of the BIA's decision to summarily dismiss the appeal or the merits of the underlying case.
 
 II
 
 7
 Mrs. Blanco also appeals the BIA's denial of her motion to reopen the proceedings. We review the BIA's decision for an abuse of discretion, see INS v. Doherty, 502 U.S. 314, 323-24 (1992), and we affirm.
 
 
 8
 Mrs. Blanco alleges that the BIA's decision was an abuse of discretion because the agency failed to consider all the facts she submitted, including the political and economic conditions in Nicaragua. Such a failure, if it is borne out by the record, would constitute an abuse of discretion. See Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981). The record makes clear, however, that the BIA did consider all the evidence presented by Mrs. Blanco and determined that she did not meet her burden of establishing a prima facie case of extreme hardship that would justify reopening the proceedings. Specifically, the BIA addressed Mrs. Blanco's employment record, her ownership of a house, her regular attendance in church, and her family and friends. Additionally, the BIA did address Mrs. Blanco's claim that "conditions in Nicaragua are 'explosive,' " but the BIA rejected it, noting that Mrs. Blanco had failed to substantiate her assertion or to demonstrate how it would affect her. We conclude that the BIA properly analyzed the evidence Mrs. Blanco presented, and we accordingly hold that the BIA's decision was not an abuse of discretion.
 
 III
 
 9
 In sum, we hold that the Blancos have waived any challenge to the BIA's summary dismissal of their administrative appeal. We also affirm the BIA's denial of Mrs. Blanco's motion to reopen the proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3