76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elisa DE LA MERCED, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent,
 No. 94-70529.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1996.
Decided Jan. 30, 1996.
 
 1
 Before: SCHROEDER and TROTT, Circuit Judges, and REED,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Elisa Ong De La Merced (De La Merced), a 44 year-old citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals (BIA), denying De La Merced's application for suspension of deportation under INA § 244(a)(1), 8 U.S.C. § 1254(a)(1). The Board overturned an order, issued by an immigration judge, granting the suspension of deportation. For the purposes of this appeal, it is undisputed that De La Merced resided continuously in this country for more than the requisite seven years, and that De La Merced is a person of good moral character. Id. Thus, the only question presented on appeal is whether the BIA abused its discretion in determining that De La Merced would not suffer extreme hardship if deported. Id.; Santana-Figueroa v. INS, 644 F.2d 1354, 1357 (9th Cir.1981) (citing Chung v. INS, 602 F.2d 608, 612 (3d Cir.1979) (BIA's determination of whether alien demonstrated extreme hardship reviewed for abuse of discretion).
 
 
 4
 De La Merced's fundamental argument is that the BIA impermissibly failed to give "reasons for its decisions showing that it has properly considered [her] circumstances." Id. Specifically, De La Merced contends that the BIA failed to consider properly her inability to support herself in the Philippines, the effect of her separation from relatives in the United States and the cumulative hardship from all the facts De La Merced had demonstrated. Further, De La Merced argues that the BIA abused its discretion by finding that she lacked substantial ties with the U.S. community. We conclude that the BIA decision contains sufficient reasons to "show that it has properly considered the facts which bear on its decision." Mejia-Carillo v. INS, 656 F.2d 520, 522 (9th Cir.1981).
 
 
 5
 In evaluating the economic hardship De La Merced would suffer if deported, the BIA noted, inter alia, that De La Merced (1) was currently employed as a bookkeeper, (2) had saved $20,000 while here and used the money to buy a home, (3) was hardworking and industrious, (4) was young, skilled and in good health, and (5) was an account analyst in the Philippines. Further, the BIA noted that De La Merced had not shown how a depressed economy, high unemployment and raging inflation in the Philippines would affect her.
 
 
 6
 The BIA did not expressly consider some factors, including the effect of De La Merced's extended absence on her ability to find work in the Philippines and the financial impact of De La Merced's divorce from her husband, who no longer contributes to her family's income. The latter is not a consequence of deportation, however. Moreover, neither Santana-Figueroa nor Meija-Carrillo, require the BIA to discuss every possible fact and theory that bears on its decision. Santana-Figueroa explains that the BIA must articulate reasons for its decisions to assure rationality and a meaningful review for abuse of discretion. The BIA in this case has articulated ample reasons to assure rationality and allow for a meaningful review for abuse of discretion.
 
 
 7
 De La Merced next, correctly, observes that the single most important factor in the hardship analysis, one which can be dispositive, is the separation of the alien from family living in the United States. Meijia-Carrillo, 656 F.2d at 522; Cerrill-Perez v. INS, 809 F.2d 1419, 1425 (9th Cir.1987) (family unity crucial). De La Merced contends that her three children (and former husband) have, subsequent to the BIA's decision, moved to the United States and become lawful permanent residents. If true, this contention may prove compelling. Yet the record on which the BIA relied, and which this court is bound to accept on appeal, indicates that De La Merced's children are in the Philippines. If De La Merced's circumstances have changed, the new facts are appropriately addressed before the BIA and not before this Court. De La Merced has filed a motion to reopen before the BIA.
 
 
 8
 De La Merced also argues that the BIA failed to consider her personal ties to two of her sisters, who were residing in this country. De La Merced did not testify about how close she is to those sisters.
 
 
 9
 De La Merced then contends that the BIA gave her community ties short shrift. Special community ties, however, must be connections beyond those that every alien inevitably forms while living here. Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980). While De La Merced's history in the United States is exemplary, she testified that she has not actively participated in any particular community activities. Nor has she demonstrated any other connection with the community so compelling that she must be differentiated from the typical deportee.
 
 
 10
 Finally, De La Merced seizes on language from the BIA's opinion indicating that the BIA considered her extreme hardship factors "separately and cumulatively." De La Merced posits that the BIA has not truly considered the factors here cumulatively, but rather has dismissed the cumulative effect of the factors she presents with this one, summary and offhand comment. See generally Batoon v. INS, 707 F.2d 399, 401 (9th Cir.1993). This argument misses the mark in this case. The language that concerns De La Merced is merely an introductory comment. The BIA's opinion as a whole shows that the BIA was considered all of the factors in conjunction. The BIA did not abuse its discretion in denying deportation on this record, and it stressed the fact that petitioner's children remained in the Philippines. The BIA should reconsider its decision, however, if De La Merced's children and former spouse have indeed become lawful permanent residents of this country, for that would represent a substantial change in the equities favoring De La Merced's position. The BIA has granted De La Merced 30 days voluntary departure, which was automatically stayed pending this appeal and which will begin to run again when this court issues its mandate. See Contreras-Aragon v. INS, 852 F.2d 1088 (9th Cir.1988). This court has earlier denied petitioner's motions to stay these proceedings in their entirety. So that De La Merced will not be forced to leave this country while the BIA is considering her petition to reopen, this court will stay the issuance of its mandate for 45 days from the date of the filing of this disposition. Benitez-Mendez v. INS, 760 F.2d 907 (9th Cir.1983) (mandate delayed 45 days to enable petitioner to seek alternative forms of relief). This panel may consider an extension, if appropriate at a later time.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3