79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco MARTINEZ-MALDONADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70481.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1996.*
Decided March 11, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Board of Immigration Appeals did not abuse its discretion by denying Martinez-Maldonado's application for suspension of deportation under 8 U.S.C. § 1254(a).
 
 
 3
 Martinez-Maldonado's argument that deportation would pose an extreme hardship to his nephew is foreclosed by INS v. Hector, 479 U.S. 85 (1986). The Board properly considered Martinez-Maldonado's relationship with his nephew as a factor which could create hardship to Martinez-Maldonado himself. See Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981). The Board did not abuse its discretion in finding that Martinez-Maldonado's separation from his nephew and sisters would not pose extreme hardship, given that 1) the record did not indicate that petitioner's relationship with his nephew was unusual or that the nephew looked upon Martinez-Maldonado as a father, and 2) Martinez-Maldonado's parents, wife, and two children reside in Mexico.
 
 
 4
 The Board also did not abuse its discretion by finding that Martinez-Maldonado did not meet his burden of showing he would suffer extreme economic hardship were he deported to Mexico. Although probable inability to find work after deportation or the personal hardships that flow from economic loss may constitute extreme hardship, Santana-Figueroa v. INS, 644 F.2d 1354, 1356-57 (9th Cir.1981) (hardship where unskilled, previously injured, 70-year old would be unemployable); Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1996), mere "economic detriment, without more, does not amount to extreme personal hardship." Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983). Martinez-Maldonado does not assert it would be impossible for him to find work in Mexico. The Board noted that he speaks fluent Spanish, has held a number of jobs ranging from restaurant work to farming to construction, and owns a house and a plot of land in Mexico. The Board did not abuse its discretion in finding that given Martinez-Maldonado's job skills, assets, and close family ties in Mexico, he will be able to "sustain himself" if deported.
 
 
 5
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3