131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herminio Sison ROMERO, Jr., Felicidad Lednes Romero, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70912.
 United States Court of Appeals, Ninth Circuit.
 Nov. 14, 1997.
Submitted Nov. 7, 1997.**
 
 Before WOOD,*** RYMER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Herminio Romero, Jr. ("Mr.Romero") and Felicidad Romero, his wife ("Mrs.Romero"), petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's ("IJ") order denying their application for asylum and for withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. §§ 1158(a), 1253(h).[1] Mrs. Romero also seeks review of the BIA's denial of her application for suspension of deportation under section 244(a) of the Act, 8 U.S.C. § 1254(a). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petitions.
 
 
 3
 As the facts are known to the parties, we find no need to recite them here.
 
 I.
 
 4
 We review the BIA's factual determinations, including its finding of whether an applicant has demonstrated a well-founded fear of persecution, under the substantial evidence standard. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995) (citing INS v. Elias-Zacarias, 502 U.S. 478 (1992)). We also review credibility determinations for substantial evidence. Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997).
 
 
 5
 We find no merit in Mr. Romero's contention that the BIA erred in rejecting his claim that he faced a threat of persecution of account of imputed political opinion. Mr. Romero claims that he was targeted on the basis of a political opinion imputed to him due to his association with his father, a local government official. However, Mr. Romero has failed to show that any harm has ever come to any members of his family on account of their political activity. Cf. Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (per curiam) (fact that asylum applicant's family continues to live unmolested in same place undermines petitioner's claim to have a well-founded fear of persecution). Mr. Romero has failed to show the requisite nexus and persecution required to demonstrate a well-founded fear of persecution based on imputed political opinion. Compare, e.g., Ramirez Rivas v. INS, 899 F.2d 864, 865-66 (9th Cir.1990) (several of petitioner's relatives were killed because of their political activities and a friend of the family was tortured, killed and dismembered on account of his association with the petitioner's family).
 
 
 6
 We find no merit in Mr. Romero's contention that the BIA failed to set out specific reasons for determining that he did not have a well-founded fear of persecution. First, the BIA did set out specific and detailed reasons for its findings which were supported by substantial evidence. Second, the authority on which Mr. Romero relies is inapplicable as it relates to the abuse of discretion prong of asylum determination. See Rodriguez-Matamoros v. INS, 86 F.3d 158, 161 (9th Cir.1996). Here the BIA never reached the discretionary stage because it found that Mr. Romero did not qualify as a refugee under the Act.
 
 
 7
 Mr. Romero contends that the BIA erred in failing to accept his testimony as credible as neither it nor the IJ made a specific credibility finding. We find, however, that the BIA did make an explicit credibility finding which was detailed and fairly supported by the record. See Aquilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990); Martinez-Sanchez v. INS, 794 F.2d 1396, 1400 (9th Cir.1986). The evidence presented does not compel a reasonable factfinder to reach a result contrary to that found by the BIA. See Leon-Barrios, 116 F.3d at 393.
 
 
 8
 Because Mr. Romero failed to meet the lower standard for the granting of asylum, we affirm the BIA's denial of his request for withholding of deportation. See Ghaly, 58 F.3d at 1429.
 
 II.
 
 9
 We review the BIA's decision to deny Mrs. Romero's application for the suspension of deportation for lack of extreme hardship under the abuse of discretion standard. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995); Cerillo-Perez v. INS, 809 F.2d 1419, 1421 (9th Cir.1987). We will affirm the decision of the Board so long as it "considers all factors relevant to the hardship determination and states its reasons for denying the requested relief." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 10
 We find that the BIA considered all factors relevant to the hardship determination and stated its reasons for denying Mrs. Romero's petition. The Board considered the hardship that she would suffer upon separation from her church, her community and her volunteer work. In addition, the Board considered the economic conditions in the Philippines and incorporated its asylum and withholding of deportation analysis, thus meeting the requirement of considering country conditions. The BIA actually considered all relevant factors and articulated its reasons for denial of suspension of deportation in this case. See Tukhowinich, 64 F.3d at 463.
 
 
 11
 Finally, the BIA considered the potential hardship to Mrs. Romero's United States citizen child. This is not a case where the BIA failed to consider the effect of deportation on the United States citizen child. See, e.g., Cassem v. INS, 8 F.3d 700, 702 (9th Cir.1993); Melia-Carillo v. INS, 656 F.2d 520, 522-23 (9th Cir.1991). Rather, the BIA correctly found that Mrs. Romero had failed to show that relocation of her citizen son to the Philippines would rise to the level of extreme hardship under the Act. See Ramirez-Durazo, 794 F.2d at 498-99 (extreme hardship to citizen child requires more than inconvenience of readjustment to new country and reduced educational opportunities).
 
 
 12
 PETITIONS DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 **
 * Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Mrs. Romero's application for asylum relief is derivative of Mr. Romero's application. See 8 U.S.C. § 1158(c)