**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1094**

BELINDA SANTOS,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 1, 2013                    Decided:  July 11, 2013

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

John T. Riely, Bethesda, Maryland, for Petitioner.  Stuart F. Delery, Principal Deputy Assistant Attorney General, Richard M. Evans, Assistant Director, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Belinda Santos, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order pretermitting her application for adjustment of status because she was statutorily ineligible for such relief. We deny the petition for review.

Santos was admitted to the United States under a C-1 visa, as a crewman. Under 8 U.S.C. § 1225(c) (2006), aliens admitted as crewmen are not eligible for adjustment of status. See also 8 C.F.R. § 1245.1(b)(2) (2013). Santos acknowledges that she is statutorily barred from adjustment of status. She notes that nearly every other category of alien admitted to the United States is eligible for adjustment of status to that of a lawful permanent resident. She argues that this statutory distinction violates her right to equal protection because it interferes with her fundamental right to marry.

This court reviews constitutional claims de novo. Viegas v. Holder, 699 F.3d 798, 801 (4th Cir. 2012). The Supreme Court has acknowledged that there is no subject over which Congress has more power than the admission of aliens. Fiallo v. Bell, 430 U.S. 787, 792 (1977). The power to expel or exclude aliens is a fundamental power exercised by the Government's "political departments largely immune from judicial

2

control." Id. (internal quotation marks omitted). "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." Mathews v. Diaz, 426 U.S. 67, 79-80 (1976).

Congress' decision to classify alien crewmen differently than other aliens admitted to the United States under other temporary visas has a rational basis. See Guinto v. INS, 774 F.2d 991, 992 (9th Cir. 1985) (classifications among aliens in immigration statutes are evaluated under the rational basis test). A classification not involving a suspect class is upheld if there is "any reasonably conceivable state of facts that could provide a rational basis for the classification." Orquera v. Ashcroft, 357 F.3d 413, 425 (4th Cir. 2003). "Congress could rationally have determined that seamen pose a special immigration problem because they reach our shores without going through the normal visa process. Thus the rational basis for denying seamen discretionary relief is to deter them from 'jumping ship.'" Guinto, 774 F.2d at 992.

We conclude that the statutory scheme that makes Santos ineligible for adjustment of status does not violate her right to equal protection or the right to marry. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented

3

in the materials before this court and argument would not aid the decisional process.

PETITION DENIED