Florentino CONTRERAS–BUENFIL, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 82–7217.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1983.

Decided Aug. 1, 1983.

Linton Joaquin, Los Angeles, Cal., for petitioner.

George H. Wu, Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before BROWNING, Chief Judge, CHOY and FERGUSON, Circuit Judges.

PER CURIAM:

Contreras-Buenfil seeks review of a Board of Immigration Appeals decision dismissing his appeal from a decision of the Immigration Judge denying his application for suspension of deportation.

In May 1971, Florentino Contreras-Buenfil entered the United States illegally, leaving a wife and four children in Mexico. Contreras-Buenfil has resided continuously in California, living since 1975 with Flora Lopez. Together, they support two children—Flora's son, Jose, from a prior relationship, and a daughter, Carol, by Contreras-Buenfil. Flora also entered the United States without inspection. Both her children, however, are citizens by birth. Jose was five years old and Carol two months old at the time of Contreras-Buenfil's 1979 deportation hearing.

Contreras-Buenfil conceded deportability and applied for suspension of deportation under section 244(a)(1) of the Immigration and Naturalization Act, 8 U.S.C. § 1254(a)(1). He testified that deportation would cause him hardship because (1) he had a work-related back injury for which he required medical treatment unavailable in Mexico, (2) he would be separated from the woman he loved and her children, one of whom was also his own, and (3) he would be unable to work in Mexico and, therefore, be unable to continue supporting his original family.

The Immigration Judge held that because Contreras-Buenfil and Flora were not married, Contreras-Buenfil could not base his application on alleged hardship to either Jose or Carol. The application was denied and Contreras-Buenfil was permitted voluntary departure.

Contreras-Buenfil appealed to the Board, arguing the Immigration Judge erred in refusing to consider his medical history, the hardship to the two citizen children, or the hardship he would suffer from the separation from his California family. The Board dismissed the appeal on the grounds Contreras-Buenfil had submitted no evidence he continued to require medical treatment and, except for his infant daughter, all his family ties were in Mexico.

An alien is eligible for suspension of deportation if he has resided continuously in the United States for seven years, is of good moral character, and "is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted . . . ." 8 U.S.C. § 1254(a)(1).

The grant of suspension of deportation for hardship is discretionary, and we may not substitute our definition of "ex-

treme hardship" for that of the Board. *INS v. Jong Ha Wang,* 450 U.S. 139, 145, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981). We may reverse the Board's denial of relief only if the Board's exercise of its discretion was "arbitrary, irrational, or contrary to law." *Santana-Figueroa v. INS,* 644 F.2d 1354, 1355–56 (9th Cir.1981). Denial of relief is arbitrary if important factors relevant to the hardship determination are not considered; the Board, therefore, must state its reasons for denying relief showing it has properly considered all factors. *Mejia-Carrillo v. INS,* 656 F.2d 520, 522 (9th Cir.1981); *Santana-Figueroa,* 644 F.2d at 1356. We first consider the allegation that the Immigration Judge and the Board failed to consider potential hardship to the two children.

■ The definition of "child" in the Immigration and Naturalization Act includes "a child legitimated under the law of the child's residence or domicile." 8 U.S.C. § 1101(b)(1)(C). Cal.Civ.Code § 7004(a)(4) provides that "[a] man is presumed to be the natural father of a child if he .... receives the child into his home and openly holds out the child as his natural child." The INS conceded before the Board that because under California law Contreras-Buenfil would be presumed to be Carol's father, she should be considered his "child" for purposes of applying the hardship statute. Nonetheless, the Board affirmed the Immigration Judge's denial of relief in the belief that the latter had considered hardship to Carol, stating: "The immigration judge concluded ... that the respondent had not met his burden of establishing that deportation to Mexico would cause either him or his young United States citizen child extreme hardship."

We remand because neither the Immigration Judge nor the Board considered, separately and together with the other hardship factors, the hardship Contreras-Buenfil's deportation would cause to Carol.

■ The Immigration Judge and the Board did not err in refusing to consider hardship to Jose, Flora's son. Although Contreras-Buenfil refers to Jose as his "stepson," the Act's definition of "child" includes only stepchildren whose status as such was created by marriage. 8 U.S.C. § 1101(b)(1)(B).

Contreras-Buenfil cites *Tovar v. INS,* 612 F.2d 794 (3d Cir.1980), in which the Third Circuit held that the Board must consider hardship to an alien's grandchild when the relationship between the two is like that of parent to child. Contreras-Buenfil argues that his relationship to Jose should receive the same consideration.

*Tovar* preceded the Supreme Court's *Jong Ha Wang* decision, in which the Court stated that the court of appeals may not substitute its definition of "hardship" for that of the Board. In light of *Jong Ha Wang,* it is unlikely the Court would require the Board to consider hardship to a person not identified in the statute. Although the Board might have considered hardship to Jose, its refusal to go beyond the statutory definition of "child" is not an abuse of discretion.

■ The Board also concluded that except for Carol, all of Contreras-Buenfil's close family ties are in Mexico. Although the Board need not consider hardship to Flora or to Jose, because she is here illegally and because he is not Contreras-Buenfil's "stepson" as defined in the Act, it does not follow that the Board should not consider the hardship that separation from them will cause to Contreras-Buenfil.

We have held "[t]he most important single [hardship] factor may be the separation of the alien from family living in the United States." *Mejia-Carrillo v. INS,* 656 F.2d at 522. Contreras-Buenfil has lived with Flora, Jose, and Carol for eight years in an apparently stable, family-type relationship. Contreras-Buenfil has consistently argued that separation will cause him serious emotional hardship. The Board's conclusion that Contreras-Buenfil's only family ties are in Mexico is contrary to fact. On remand, the Board should consider the hardship separation from his California family will cause Contreras-Buenfil in addition to

the hardship separation will cause his daughter Carol.

The Board correctly concluded that Contreras-Buenfil's contention that he requires medical treatment is unsupported by any evidence.

Contreras-Buenfil also argues the deportation order is invalid because the Immigration Judge failed to comply with INS Operating Instruction 242.7(b), requiring the Immigration Judge to order a character investigation whenever an applicant makes a prima facie showing of eligibility for suspension of hardship. This argument was not raised in the administrative proceedings and is therefore not properly before us. *Tejeda-Mata v. INS*, 626 F.2d 721, 726 (9th Cir.1981).

REVERSED.