9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Francisco ARROYO-ALATORRE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70307.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Oct. 14, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,** District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Jose Francisco Arroyo-Alatorre petitions for review of an order of the Board of Immigration Appeals (BIA). Arroyo argues that in denying his petition for a waiver of deportation under § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c), the BIA failed to properly consider the equities and hardships weighing in his favor, erred in requiring him to show outstanding equities, and erred in determining that he had not shown outstanding equities. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 4
 * Arroyo argues that the BIA failed properly to consider the equities and hardships in his case in denying a waiver under § 212(c). He first suggests that the BIA erred by adopting the decision of the immigration judge (IJ) on the § 212(c) waiver issue. While the BIA is required "to state its reasons and show proper consideration of all factors when weighing equities and denying relief," Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985), it is not improper for the BIA to fulfill this responsibility by adopting the decision on the IJ. See Vargas v. INS, 831 F.2d 906, 909 (9th Cir.1987) (upholding denial of § 212(c) relief where BIA deferred to conclusions of IJ); Contreras-Buenfil v. INS, 712 F.2d 401, 403 (9th Cir.1983) (reversing decision of BIA "because neither the Immigration Judge nor the Board considered" the relevant hardships).
 
 
 5
 Section 212(c) permits relief to be granted to an alien "in the discretion of the Attorney General." 8 U.S.C. § 1182(c). Accordingly, we review a BIA decision denying § 212(c) relief for abuse of discretion. Vargas, 831 F.2d at 908. After discussing carefully the facts of Arroyo's case, the IJ stated:
 
 
 6
 He's not rehabilitated in the area which propels him into this sorry scene of drugs. He still has poor judgment. He said marijuana is not so bad. He minimized his involvement by saying he would not handle cocaine or other drugs....
 
 
 7
 A single adverse factor may be determinative of a case.... However, this is not a case of simple failure of rehabilitation. [Arroyo] has also failed in his burden to show outstanding and unusual countervailing equities. The fact that he has been in this country since 1975 is indeed a substantial equity. However, it is not of sufficient weight to overcome the adverse factor raised by his involvement with this 18 pounds of marijuana. That he has children and a wife in this country and that he has even run a business do not overcome this very serious factor. Indeed he has continued to be a frequent visitor to his native country. Spanish is his native language. His wife also speaks Spanish.
 
 
 8
 (citations omitted). Arroyo's contention that the decision of the IJ, as adopted by the BIA, failed adequately to set out reasons for denial of relief or to consider the equities in his favor is thus unsupported by the record. Rehabilitation, or failure thereof, is a significant factor properly considered by the BIA in deciding whether to grant § 212(c) relief. See Matter of Edwards, Int.Dec. 3134, at 8 (B.I.A. May 2, 1990). The BIA did not abuse its discretion in this case.
 
 
 9
 Arroyo argues that the BIA failed to consider his participation in the "Teen Challenge" rehabilitation program, evidence of which was presented at his deportation hearing. This argument fails. Although the IJ did not mention the Teen Challenge program, he stated that he "considered all the evidence, whether discussed above or not." Furthermore, Arroyo does not explain why the fact of his participation in a rehabilitation program would alter the IJ's conclusion that Arroyo's responses and demeanor at the deportation hearing indicated that he had not in fact been rehabilitated. Cf. Matter of Buscemi, 19 I & N Dec. 628, 635 (B.I.A.1988) ("we cannot conclude that [the respondent's] expressed reformation and participation in prison programs and prison employment adequately establish genuine rehabilitation").[1]
 
 
 10
 Arroyo also relies on a line of Fifth Circuit decisions requiring that the BIA consider the factors weighing in an alien's favor "individually and collectively." Luciano-Vincente v. INS, 786 F.2d 706, 708 (5th Cir.1986) (emphasis added); see also Ramos v. INS, 695 F.2d 181, 186 n. 12 (5th Cir.1983) ("relevant specific hardship factors ... are to be considered in the aggregate"). The record in this case indicates that the IJ sufficiently considered all of the equities in Arroyo's favor, as required by our law. See Mattis, 774 F.2d at 968. The IJ did consider Arroyo's favorable equities sequentially, but this does not mean that he ignored the aggregate effect of the equities. Where, as here, the record discloses no basis for concluding that any failure to consider equities collectively affected the BIA's decision, we decline to upset the decision on the mere basis that there is no explicit statement in the record that Arroyo's equities were considered collectively. See Ramos, 695 F.2d at 181 ("All we insist upon [from the BIA] is a sufficient indication that [it has] a fair understanding of what the alien's various relevant contentions or hardship, supported by the evidence, actually are ...").
 
 II
 
 11
 Arroyo also argues that the BIA improperly denied § 212(c) relief because he failed to show outstanding equities.
 
 
 12
 * In Matter of Marin, 16 I & N Dec. 581 (B.I.A.1978), the BIA stated:
 
 
 13
 Clear distinctions arise in the [INA] in the treatment of aliens convicted of drug offenses and those convicted of other crimes. In view of this disparate statutory treatment and the disfavor with which we view such offenses, we require a showing of unusual or outstanding countervailing equities by applicants for discretionary relief who have been convicted of serious drug offenses, particularly those involving the trafficking or sale or drugs.
 
 
 14
 Id. at 586 n. 4 (citations omitted). We held in Ayala-Chavez v. INS, 944 F.2d 638 (9th Cir.1991), that this rule is within the BIA's statutory discretion. Id. at 641.
 
 
 15
 Arroyo argues that the rule of Marin and Ayala-Chavez should not apply to him because his only prior offense is a drunk driving conviction. Although we stated in Ayala-Chavez that "[c]learly there may be circumstances in which a petitioner's criminal activity is of such a slight nature that application of the higher standard would not be supported by substantial evidence," 944 F.2d at 642, the present case is not such a case.[2] Arroyo's conviction for possession of eighteen pounds of marijuana for sale is of sufficient gravity to require him to show outstanding equities.[3]
 
 B
 
 16
 Arroyo also argues that the BIA abused its discretion in concluding that he had not shown outstanding equities. He argues that his equities are similar to those of the aliens in Buscemi and Diaz-Resendez v. INS, 960 F.2d 493 (5th Cir.1992).[4]
 
 
 17
 In Buscemi, the BIA found that an alien had shown outstanding equities, but denied § 212(c) relief because the equities failed to overcome "the serious adverse factors present in his case and [the BIA's] determination that he ha[d] not demonstrated rehabilitation." Buscemi, 19 I & N Dec. at 635-36. The BIA in the present case adopted the decision of the IJ who, as in Buscemi, balanced Arroyo's "substantial" equities against the serious nature of his offense and the failure of his rehabilitation.[5] Like the respondent in Buscemi, Arroyo did not receive § 212(c) relief because of the negative factors in his case. See Edwards, Int.Dec. 3134, at 11 (denying § 212(c) relief to petitioner with "unusual or outstanding equities" based upon failure of rehabilitation).
 
 
 18
 In Diaz-Resendez, the Fifth Circuit vacated an order of deportation, because the BIA had failed to adequately consider positive equities, to adequately address the issue of rehabilitation, or to explain its decision in light of Buscemi. 960 F.2d at 496-98. In the present case, the BIA's decision properly considers Arroyo's positive equities, gives detailed attention to the issue of rehabilitation, and is in accord with the result in Buscemi. Like the petitioner in Diaz-Resendez, Arroyo does have impressive positive equities. However, the BIA's decision here, unlike the decision in Buscemi, is not analytically deficient. Under these circumstances, we cannot say that the BIA abused its discretion in denying a § 212(c) waiver.
 
 
 19
 REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge, District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Arroyo relies on Akinyemi v. INS, 969 F.2d 285 (7th Cir.1992). That case is inapposite because the basis for the Seventh Circuit's reversal was that the BIA explicitly declined to consider rehabilitation. Id. at 289-90
 
 
 [2]
 Arroyo does not challenge the BIA's determination that his offense constituted "illicit trafficking of a controlled substance."
 
 
 [3]
 Although Arroyo argues strenuously that he was only storing marijuana for a friend, Manuel Serrano, there was abundant evidence in the record supporting the IJ's observation that "[i]t is incredible that he did this for someone who was not even a close friend by his testimony." This evidence included the following: (1) Arroyo told police when he was arrested that he had purchased the marijuana from someone named William who drove a Cadillac; (2) the search of Arroyo's house also disclosed $19,000 in cash in a safe, a scale, duct tape, ziplock bags, a beeper, and a ledger (Arroyo stated that Serrano had given him all but the beeper, which Arroyo claimed to have used in his automobile accessory export business, and the ledger, which Arroyo claimed was used by his wife in selling Avon products); and (3) Arroyo claimed to be engaged in legitimate business, but admitted that he had not filed a tax return since 1987
 
 
 [4]
 Arroyo also relies on Matter of Sandoval, apparently an unpublished decision of the BIA. We accord no weight to this decision
 
 
 [5]
 Arroyo, who has a United States citizen wife and child, arguably presents equities at least as outstanding as those of the respondent in Buscemi, who was unmarried and childless and whom the BIA found to have outstanding equities, id., 19 I & N Dec. at 635. Nevertheless, the IJ's conclusion that Arroyo "failed in his burden to show outstanding and unusual countervailing equities" does not require us to grant the petition for review. We read the IJ's reference to "countervailing equities" to mean that Arroyo's equities were simply insufficient to countervail his lack of rehabilitation and the serious nature of his offense. Furthermore, the BIA explicitly cited Buscemi, making it clear that it had considered the analysis of that decision. Therefore, whether or not Arroyo's equities were "outstanding" as that term was used in Buscemi, the decisions of the IJ and the BIA make it clear that the balancing which Buscemi requires would not have led to an exercise of discretion in Arroyo's favor