21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco MURILLO-CABRERA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70033.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 25, 1994.
 
 1
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Francisco Murillo-Cabrera, a citizen of Mexico, petitions for review of the Board of Immigration Appeals' dismissal of his appeal of an immigration judge's determination that he is deportable, under 8 U.S.C. Sec. 1251(a)(2)(B)(i), because he was convicted in state court of violating a law relating to a controlled substance. We deny the petition in part and dismiss in part.
 
 
 4
 The immigration judge's finding of deportability was based solely on 8 U.S.C. Sec. 1251(a)(2)(B)(i), which provides, in pertinent part, "[a]ny alien ... in the United States shall, upon the order of the Attorney General, be deported ... if the alien is ... convicted of a violation of ... any law or regulation of a State ... relating to a controlled substance...." The administrative record contained a municipal court record showing that Murillo was convicted of violating Cal. Health & Safety Code Sec. 11550(a) by using phencyclidine, a controlled substance, see 21 U.S.C. Sec. 812(c) (sched. III(b)(7)). Furthermore, Murillo's counsel admitted before the immigration judge that the conviction records related to Murillo and that he had no defense to the charge of deportability. He also admitted in his notice of appeal to the BIA that Murillo was convicted as the immigration court records suggested. The finding of deportability was, therefore, supported by substantial evidence. It will not be disturbed on appeal. See Arriaga-Barrientos v. I.N.S., 937 F.2d 411, 413 (9th Cir.1991); Chavez-Ramirez v. I.N.S., 792 F.2d 932, 934 (9th Cir.1986); see also 8 U.S.C. Sec. 1105a(a)(4).
 
 
 5
 Murillo asked the BIA to rescind his deportation order because his state court conviction was obtained in violation of his fifth amendment rights. The law is well settled that the BIA can not assess the validity of a state criminal conviction underlying a deportation proceeding. Avila-Murrieta v. I.N.S., 762 F.2d 733, 736 (9th Cir.1985); Ocon-Perez v. I.N.S., 550 F.2d 1153, 1154 (9th Cir.1977) (per curiam). We, therefore, deny this asserted ground for relief.
 
 
 6
 Murillo raises several arguments in his petition to this court that he did not raise before the BIA. Specifically, he argues that the deportation order should be reversed because: the immigration judge failed to advise him of his constitutional and statutory rights before accepting his admissions; his attorney admitted deportability without his consent; and his counsel was ineffective both at his deportation hearing and before the BIA. This court lacks jurisdiction to resolve any of these issues. Vargas v. I.N.S., 831 F.2d 906, 907-08 (9th Cir.1987); accord Contreras-Buenfil v. I.N.S., 712 F.2d 401, 404 (9th Cir.1983); see 8 U.S.C. Sec. 1105a(c).
 
 
 7
 "[A] petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process." Reid v. Engen, 765 F.2d 1457, 1461 (9th Cir.1985). Those allegations do not guarantee review in the court of appeals of "procedural errors correctable by the administrative tribunal." Id.; accord Bagues-Valles v. I.N.S., 779 F.2d 483, 484 (9th Cir.1985). Murillo's alleged due process violations are exactly the sorts of procedural errors which require exhaustion. Given the opportunity, the BIA could have corrected any of the alleged procedural errors. See Matter of Lemhammad, No. A27935756, Interim Decision No. 3151 at 12, 1991 BIA LEXIS 13; Matter of Duran, No. A14690913, Interim Decision No. 3101 at 3, 1989 BIA LEXIS 7. Therefore, since Murillo did not present his "procedural due process" arguments to the BIA, this court has no jurisdiction to resolve them.
 
 
 8
 The court also lacks jurisdiction over the ineffective assistance of counsel claim because it was not argued to the BIA. To the extent that Murillo argues that he could not have raised his ineffective assistance of counsel claim to the BIA, because he was represented on appeal by the same counsel who represented him at his deportation hearing, he can move the Board to reopen his appeal. Vides-Vides v. INS, 783 F.2d 1463, 1470 (9th Cir.1986); Roque-Carranza v. I.N.S., 778 F.2d 1373, 1373-74 (9th Cir.1985); see 8 C.F.R. Secs. 3.2, 3.8(a) (1993); Matter of Lozada, 19 I. & N.Dec. 637, 639-40 (BIA 1988). Therefore, we dismiss these portions of the petition for lack of jurisdiction.
 
 
 9
 DENIED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3