89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Jose DUARTE-PEREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70207.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 10, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Donald Jose Duarte-Perez (Duarte), a native and citizen of Nicaragua, petitions for review of the dismissal by the Board of Immigration Appeals of his appeal from the decision of the Immigration Judge, finding him deportable as charged and denying his application for suspension of deportation pursuant to 8 U.S.C. § 1254(e)(1). We have jurisdiction, 8 U.S.C. § 1105a(a), and we remand to allow the BIA to properly consider the extent to which deporting Duarte would result in extreme hardship to Duarte and his citizen children.
 
 
 4
 * The Attorney General, in her discretion, may suspend deportation of an alien if the alien demonstrates: (1) that he has been "physically present in the United States for a continuous period of not less than seven years"; (2) that during that time he "was and is a person of good moral character" and (3) that deportation would "result in extreme hardship to the alien or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1254(a)(1).
 
 
 5
 It is undisputed that Duarte has demonstrated both continuous physical presence and good moral character. The only issue before us is whether he has demonstrated extreme hardship to either himself or his children.
 
 
 6
 "The BIA is free to construe extreme hardship narrowly," and we may reverse "only if the BIA's exercise of its discretion was arbitrary, irrational, or contrary to law." Kashefi-Zihagh v. INS, 791 F.2d 708, 709 (9th Cir.1986) (citations omitted). "Denial of relief is arbitrary if important factors relevant to the hardship determination are not considered; the Board, therefore, must state its reasons for denying relief showing it has properly considered all factors." Contreras-Buenfil v. INS, 712 F.2d 401, 403 (9th Cir.1983) (per curiam) (citing Mejia-Carillo v. INS, 656 F.2d 520, 522 (9th Cir.1981)).
 
 II
 
 7
 Duarte contends that the BIA failed to give sufficient consideration to the hardship he would face due to political conditions in Nicaragua. We disagree. Duarte voluntarily withdrew his request for asylum and failed to provide any evidence of personal hardship he would face as a result of the political conditions in Nicaragua. Under the circumstances, the BIA did not err. Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1212 (9th Cir.1983).
 
 III
 
 8
 Duarte next contends that the BIA failed to give adequate consideration to the prospect of economic hardship. We disagree. "[E]conomic detriment, without more, does not amount to extreme hardship." Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981). It is true that a "complete inability to find work" may be sufficient to establish extreme hardship, id. at 1357, but here the BIA properly concluded not only that Duarte is young, in good health and able to work, but also that Duarte has failed to show that he would be unable to obtain employment in Nicaragua.
 
 IV
 
 9
 Finally, Duarte contends that the BIA failed to consider the hardship that he and his children will face if Duarte is deported and his children remain in the United States. We agree. Relying upon Matter of Ige, 1994 WL 520996 (BIA 1994), the BIA refused to address the hardship that would ensue due to this separation on the ground that "[a]ny hardship the children might face if left in the United States is the result of parental choice, not of the parent's deportation." This was error. The BIA is required to consider the hardship--both to the alien and to his children--that would result from separation should an alien be deported, leaving his citizen children behind in the United States. Cerrillo-Perez v. INS, 809 F.2d 1419, 1424 (9th Cir.1987). To the extent that Matter of Ige conflicts with Cerrillo-Perez, the BIA is bound to follow the latter. Singh v. Ilchert, 63 F.3d 1501, 1508 (9th Cir.1995). We therefore remand to allow the BIA to consider whether the separation of Duarte from his children would result in extreme hardship, either to Duarte or to the children.
 
 
 10
 PETITION GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge, Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3