107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Usunubu ALUYA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70590.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1996.*
Decided Feb. 03, 1997.
 
 Before: FERGUSON, BEEZER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Usunubu Aluya seeks judicial review of the final order of the Board of Immigration Appeals (BIA) denying his application for suspension of deportation under § 244(a)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254(a)(1), for lack of extreme hardship. We have jurisdiction under § 106 of the INA, 8 U.S.C. § 1105a. We deny Aluya's petition for review.
 
 I. Background
 
 3
 Aluya is a 38-year old native and citizen of Nigeria, who arrived in the United States in 1983 without valid labor certification in violation of § 241(a)(1)(A) of the INA, 8 U.S.C. § 1251(a)(1)(A). After receiving a degree in finance, Aluya founded his own financial services business in 1987. He employs four people and helps clients with taxes, financial planning, bookkeeping and accounting. Except for an eight-month absence in 1986, Aluya has resided continuously in the United States. He has no children and, during the INS proceedings, was divorcing his wife of eight years from whom he had been separated since six months after they married.
 
 
 4
 Aluya conceded deportability at his immigration hearing. The Immigration Judge (IJ) concluded that Aluya failed to demonstrate extreme hardship. Based on its de novo review, the BIA dismissed Aluya's appeal of the IJ's decision.
 
 II. Extreme Hardship
 
 5
 Aliens subject to deportation bear the burden of demonstrating both that they are statutorily eligible for suspension under 8 U.S.C. § 1254(a)(1) and that they merit relief as matter of discretion. Ramirez-Durazo v. INS, 794 F.2d 491 (9th Cir.1986). We review the BIA's decision only for abuse of discretion, and must defer to the its interpretation and application of immigration laws. INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981); Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc). The BIA may define extreme hardship narrowly, and we do not substitute our definition for the BIA's. Wang, 450 U.S. at 144. We affirm the BIA if it articulates reasons for its decision, Ramirez-Durazo, 794 F.2d at 498, and considers all relevant factors regarding extreme hardship cumulatively, Watkins v. INS, 63 F.3d 844, 850 (9th Cir.1995). We may reverse the BIA's denial only if its exercise of discretion was " 'arbitrary, irrational, or contrary to law.' " Contreras-Buenfil v. INS, 712 F.2d 401, 403 (9th Cir.1983) (quoting Santana-Figueroa v. INS, 644 F.2d 1354, 1355-56 (9th Cir.1981)).
 
 
 6
 Aluya argues that the IJ abused her discretion in denying suspension of deportation. However, if the BIA conducts a de novo review, we limit our review to the BIA's decision. Perez v. INS, 96 F.3d 390, 392 (9th Cir.1996).
 
 
 7
 Reviewing the BIA's decision, we find that the BIA did not abuse its discretion in denying suspension of deportation. Aluya argues that he would suffer economic hardship upon deportation because he would not achieve the same standard of living in Nigeria as he has in the United States, and he would not be able to work as an entrepreneur in his chosen field. The BIA noted that Aluya could find employment in Nigeria although not necessarily in the same field. See Ramirez-Durazo, 794 F.2d at 498 (reduced job opportunities and lower standard of living not extreme hardship); Villena v. INS, 622 F.2d 1352, 1358 (9th Cir.1980) (inability to engage in particular profession not extreme hardship). In addition, the BIA found that Aluya did not demonstrate additional circumstances which were sufficiently aggravating to raise his claim of economic hardship to the level of extreme hardship. See Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981) ("Economic loss alone does not establish extreme hardship....").
 
 
 8
 Aluya also claimed that he would suffer extreme hardship because he would be separated from his community, in which he has become deeply involved. The BIA considered this fact but determined that Aluya's loss of community ties would not exceed that which deportees normally experience. "[T]he common results of deportation ... are insufficient to prove extreme hardship." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991).
 
 
 9
 We therefore conclude that the BIA did not abuse its discretion in denying Aluya relief because it considered all his claims cumulatively and articulated reasons for rejecting them.
 
 III. Purported New Evidence
 
 10
 Aluya seeks to introduce new evidence that he has divorced his first wife and married his girlfriend, who is a United States citizen. He also seeks to have us consider newspaper articles about recent political developments in Nigeria. These documents are not part of the record and Aluya did not file a motion to reopen with the BIA under 8 C.F.R. §§ 3.2 & 3.8. We cannot consider this new evidence on appeal. 8 U.S.C. § 1105(a)(4); see also Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987).
 
 
 11
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3