107 F.3d 877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosalina Figueroa MERCADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70608.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided Feb. 25, 1997.
 
 Before: FARRIS, BEEZER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rosalina Figueroa Mercado petitions for review of the final order of the Board of Immigration Appeals (BIA or Board) denying her application for suspension of deportation under § 244(a)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254(a)(1), for lack of extreme hardship. Mercado also appeals the Board's affirmance of the Immigration Judge's (IJ) denial of her request for a one-month continuance. We have jurisdiction under § 106 of the INA, 8 U.S.C. § 1105a, and we deny Mercado's petition for review.
 
 I. Background
 
 3
 Mercado is a native and citizen of the Philippines who entered the United States as a non-immigrant visitor on April 20, 1987, when she was 36 years old. She is single, has no children, and works as a tax auditor for the County of Los Angeles. After the Immigration and Naturalization Service (INS) issued an Order to Show Cause (OSC), Mercado conceded her deportability before the IJ, but applied for suspension of deportation. The IJ denied her request for a one-month continuance to gather evidence about her medical condition and land ownership, denied her application for suspension after finding no extreme hardship, and granted her voluntary departure. The BIA affirmed the IJ's decision after independently reviewing the record.
 
 II. Extreme Hardship
 
 4
 To qualify for suspension of deportation, Mercado must show, inter alia, that deportation would cause extreme hardship to herself, or to a spouse, parent, or child who is either a citizen or permanent resident of the United States. 8 U.S.C. § 1254(a)(1). Mercado bears the burden of demonstrating these factors. Ramirez-Durazo v. INS, 794 F.2d 491 (9th Cir.1986).
 
 
 5
 We review the Board's denial of suspension of deportation only for abuse of discretion. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). The INS may define extreme hardship narrowly. INS v. Jong Ha Wang, 450 U.S. 139, 144 (1981). We may not substitute our own definition of extreme hardship for the Board's. Id. We may reverse the BIA's denial only if its exercise of discretion was " 'arbitrary, irrational, or contrary to law.' " Contreras-Buenfil v. INS, 712 F.2d 401, 403 (9th Cir.1983) (quoting Santana-Figueroa v. INS, 644 F.2d 1354, 1355-56 (9th Cir.1981)). The BIA properly exercises its discretion when it considers fully all relevant factors regarding extreme hardship and gives reasoned explanations for its conclusions, Contreras-Buenfil, 712 F.2d at 403, as well as evaluates whether the cumulative effect of the claimed hardships amounts to extreme hardship. Prapavat v. INS, 662 F.2d 561, 562 (9th Cir.1981).
 
 
 6
 Mercado argues that the BIA abused its discretion by failing to consider all her asserted claims regarding extreme hardship. First, she asserts that the BIA did not consider that deportation would cause her extreme economic hardship because her home in the Philippines had been destroyed. However, the Board did note the fact that Mercado's house no longer existed, and that she would be "temporarily homeless" as well as "temporarily unemployed" when she returns to the Philippines. The Board concluded that with her education and her work experience in the United States, Mercado would be able to succeed in the Philippines to the same degree that she has succeeded in this country. The Board also noted that Mercado had purchased land after the INS issued its OSC and therefore assigned little weight to that fact. See, e.g., Carnalla-Munoz v. INS, 627 F.2d 1004, 1007 (9th Cir.1980) (lawful immigration of petitioner's child after deportation proceedings commenced of little weight); cf. Matter of Correa, 19 I & N Dec. 130, 134 (BIA 1984) (weighing more heavily equities acquired before a finding of deportability than those acquired after final deporation order).
 
 
 7
 Second, Mercado argues that the Board did not consider that deportation would sever her relationship with her sisters in the United States and with the Quimings, an American family to whom she is close. The Board concluded that separation from her sisters would cause her no greater hardship than when she left them to come to the United States. Natural results of deportation, such as separation from family and friends, do not constitute extreme hardship. See, e.g., Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994) ("normal processes of readjustment," such as uprooting family and friends, after extended stay in the U.S. is not extreme).
 
 
 8
 Third, Mercado claims that the Board failed to consider that deportation would disrupt her significant community involvement in this country. Church attendance and charity work may demonstrate that an alien has strong local ties. See, e.g., Santana-Figueroa, 644 F.2d at 1357 (church participation may evidence important community ties); and Salameda v. INS, 70 F.3d 447, 449-50 (7th Cir.1995) (charity work may evidence important community ties). However, the Board was aware of Mercado's community involvement but nevertheless considered Mercado's claim as not extraordinary.
 
 
 9
 In sum, we do not find the Board's decision to deny Mercado suspension of deportation to be arbitrary, irrational, or contrary to law. The Board did not abuse its discretion by concluding that Mercado's claims did not amount to extreme hardship. "[T]he common results of deportation ... are insufficient to prove extreme hardship." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). The BIA considered Mercado's asserted hardships, gave reasoned explanations for finding that her claims were not so extraordinary as to constitute extreme hardship, and therefore did not abuse its discretion.
 
 III. Request for Continuance
 
 10
 Mercado claims that the Board improperly affirmed the IJ's denial of her motion for continuance in order to gather evidence about her medical condition and her land purchase. We review for abuse of discretion the BIA's affirmation of the IJ's denial of Mercado's continuance request. Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988).
 
 
 11
 Mercado had over eight months to prepare for her initial deportation hearing, at which time the IJ granted a two-week extension instead of Mercado's request for one month. Mercado had an ample opportunity to present testimony and evidence regarding her medical condition and her land purchase, and was not deprived of a full and fair hearing. In any event, as the BIA noted, the IJ assumed for the purposes of the hearing that Mercado's statements about both her medical condition and her land purchase were true. Because the IJ assumed the truth of her claims, Mercado was not prejudiced in any way by the IJ's denial of her requested continuance. Thus, the BIA did not abuse its discretion in affirming the IJ's denial of Mercado's requested continuance.
 
 
 12
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3