**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RIGOBERTO MARTINEZ MURILLO, | No. 06-73075 |
| Petitioner, | Agency No. A095-448-387 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

   Rigoberto Martinez Murillo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order summarily affirming his appeal

from an immigration judge's ("IJ") decision denying Martinez Murillo's

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo legal and constitutional questions raised in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We agree with the IJ's conclusion that Martinez Murillo's girlfriend's son does not meet the statutory definition of "child" and therefore cannot serve as a qualifying relative for his cancellation of removal application. *See* 8 U.S.C. § 1101(b)(1)(B); *see also Contreras-Buenfil v. INS*, 712 F.2d 401, 403 (9th Cir. 1983) (per curiam) ("the Act's definition of 'child' includes only stepchildren whose status as such was created by marriage"). Martinez Murillo cannot demonstrate any error, so his due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

We lack jurisdiction to review Martinez Murillo's contention that his girlfriend's son is his de facto child, or that the son has been legitimated under statute, because Martinez Murillo failed to raise these issues before the BIA

and thereby failed to exhaust his administrative remedies.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**