**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL FIERROS-TORRES, AKA Raul Fierros Torres, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 15-70191 <br><br> Agency No. A090-024-387 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Raul Fierros-Torres, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for protection

under the Convention Against Torture ("CAT") and for adjustment of status. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo questions of law, *Hernandez v. Ashcroft*, 345 F.3d 824, 832 (9th Cir. 2003).  We deny the petition for review.

Substantial evidence supports the BIA's denial of CAT relief because Fierros-Torres failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Silaya*, 524 F.3d at 1073.  We reject Fierros-Torres's contention that the agency failed to consider record evidence.  Thus, Fierros-Torres's CAT claim fails.

The BIA also properly affirmed the IJ's finding that Fierros-Torres was not eligible for adjustment of status because he failed to show he has a qualifying relative who could file a preference petition for him.  *See* 8 U.S.C. § 1255(a); *Contreras-Buenfil v. INS*, 712 F.2d 401, 403 (9th Cir. 1983) ("the Act's definition of 'child' includes only stepchildren whose status as such was created by marriage").  Fierros-Torres's contention that he is eligible for a waiver of inadmissibility in order to adjust status is thus moot.

**PETITION FOR REVIEW DENIED.**

15-70191